The appellant, Albert A. Wright, defendant below, was charged with the embezzlement of funds of Local Union No. 1509 of the United Brotherhood of Carpenters and Joiners of America in the amount of $5,805 and during the period of time from June 3, 1946, to November 15, 1947. The defendant below entered a plea of not guilty, was tried, and on January 27, 1949, was convicted. From a judgment of conviction and sentence to imprisonment in the State Penitentiary, this appeal has been perfected.
The appellant was employed by the District Council of the United Brotherhood of Carpenters and Joiners of America as Business Agent. Five local unions were affiliated with this organization in Miami. The fund which appellant is charged with embezzling represented his collection of initiation fees from applicants for membership in Local Union No. 1509, which collections were reported by him, and the funds turned over to, one Charles Royal, the financial secretary of Local Union No. 1509, by the appellant twice a month at the regular meeting of said Local Union.
Upon receipt of such initiation fee, or a portion thereof, from the prospective member, the appellant gave such applicant a receipt for same, in the form of a working permit, and retained in the receipt book a duplicate of such permit or receipt. The receipt books, containing some 25 duplicate receipts each, were turned over to one Ralph Bagley, the secretary of the District Council, by the appellant twice a month at the regular meeting of the Council, together with a statement of the amount of money collected and the local union for which it was collected. One receipt book could contain duplicates of receipts issued to applicants for membership in any or all of the five local unions affiliated with United Brotherhood of Carpenters and Joiners of America in Miami, since no particular receipt book was designated for any one particular local union.
The appellant quit working for the District Council on January 1st, 1948, and left Miami on May 1st, 1948. The record does not show whether his resignation was voluntary or by request. After his resignation, an audit of his accounts was made by Mr. Bagley, the secretary of the Council, followed by an audit by a Certified Public Accountant which was begun in *Page 106 
April and completed on May 12th, 1948. The latter audit showed that the accounting which the appellant made to Charles Royal, the financial secretary of Local Union No. 1509, was $5,855 less than the amount shown on the receipt books to have been received by him for initiation fees from applicants for membership in Local Union No. 1509.
Charles Royal, the financial secretary of the local union, testified that, when the appellant left Miami in May, the appellant told him merely that he was going to the Presbyterian Hospital in New York City. The appellant was apprehended in Portsmouth, Ohio, on May 30th, 1948.
The appellant's argument in his brief is directed to two errors alleged to have been made in the trial of the cause, to-wit: (1) the admitting of the receipt books, containing the duplicate permits or receipts, into evidence, and (2) that the evidence fails to prove the "corpus delicti."
As to the first, the receipt books were shown to have been kept in the ordinary course of business of the appellant, as Business Agent of the District Council, either by the appellant himself or under his supervision and direction. Although all the receipt books turned over to Bagley by the appellant, and containing duplicate permits or receipts applicable to all five local unions, were physically present in the courtroom, the trial judge carefully excluded from the evidence all those duplicate receipts which did not pertain to Local Union No. 1509 within the period of time covered by the Information. We find no error in this respect.
As to the second, we have examined carefully the voluminous testimony adduced at the trial of this cause and the briefs prepared by counsel for the respective parties, and it is the opinion of this court that the State proved every essential element of the offense beyond a reasonable doubt. While it is true that some of the evidence was circumstantial, it appears that such evidence in this case falls within the rule set forth in Victor v. State, 141 Fla. 508, 193 So. 762, 763, in the following language:
"* * * this court has repeatedly held that when such evidence is of a conclusive nature and tendency, and is consistent with guilt and inconsistent with innocence, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged, such evidence will sustain a conviction."
Finding no error in the record, the judgment is accordingly affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.